UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEO DURDEN,

        Plaintiff,

  v.

GEICO ADVANTAGE INSURANCE COMPANY,

        Defendant.

C17-651 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant's motion for summary judgment, docket no. 19, is DENIED. Plaintiff Leo Durden was injured in an automobile accident on July 17, 2015. Defendant Geico Advantage Insurance Company ("Geico") has denied benefits that would otherwise be available pursuant to the underinsured motorist ("UIM") provision of an automobile policy issued to plaintiff on the grounds that the accident was not caused by either a hit-and-run vehicle or a phantom vehicle. For purposes of this matter, a hit-and-run vehicle is one whose owner or operator cannot be identified and that made "physical contact" with the insured's vehicle. _See_ Ex. 8 to Holsman Decl. (docket no. 12-8). Contrary to Geico's contention, whether the accident at issue was the result of a collision with a hit-and-run vehicle (or the actions of a phantom vehicle) constitutes a genuine dispute of material fact[1] that precludes summary judgment as to whether Geico's denial of benefits

---

[1] In opposing Geico's motion for summary judgment, plaintiff relied on a hand-written statement of an eyewitness, David Whitis, who indicated that another car struck plaintiff's car, forcing plaintiff's car to spin and slide sideways off the road and through a fire hydrant. _See_ Ex. 3 to Batchelor Decl. (docket no. 22-3). Geico's motion, docket no. 26, to strike Whitis's statement is

MINUTE ORDER - 1

was unreasonable and thereby gave rise to claims under the Insurance Fair Conduct Act[2] and/or Washington's Consumer Protection Act or for insurance bad faith. <u>See</u> Fed. R. Civ. P. 56(a).

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 16th day of March, 2018.

William M. McCool<br>
Clerk<br>
<br>
s/Karen Dews<br>
Deputy Clerk

---

DENIED. Although the written statement itself constitutes hearsay, Geico makes no contention that the substance of Whitis's recollection could not be presented at trial in a form that would be admissible in evidence, presumably by calling Whitis as a witness. <u>See</u> Fed. R. Civ. P. 56(c)(2). Indeed, Geico itself interviewed Whitis and filed the transcript of such telephonic conversation as an exhibit in connection with a discovery motion. <u>See</u> Ex. 2 to Holsman Decl. (docket no. 12-2). In the recorded interview, Whitis repeated the same version of events he gave to Marysville police on the date of the accident, namely that the other "dark colored car . . . lost traction" and "spun in towards the red Honda," which was plaintiff's car, and "shoved him through . . . pushed him in right about his driver's door and spun him around," causing plaintiff's car to go "up onto the curb and through a fire hydrant," after which the other car "continued going north at a high rate of speed." Ex. 2 to Holsman Decl. (docket no. 12-2 at 3). Geico appears to want to strike this transcript, <u>see</u> Reply at 2:1 (docket no. 26) (mistakenly citing the transcript as docket no. 12-3, instead of 12-2), but the Court declines to permit Geico to offer evidence in support of one motion and then to withdraw it when it is unfavorable as to a different motion. In addition, Geico's motion, docket no. 26, to strike plaintiff's medical bills, Ex. 2 to Batchelor Decl. (docket no. 22-2), and the statement of facts contained in plaintiff's response, docket no. 21, is DENIED.

[2] The Washington Supreme Court has made clear that a regulatory violation is actionable under the Insurance Fair Conduct Act only if the insurer unreasonably denied coverage or benefits. <u>Perez-Crisantos v. State Farm Fire & Cas. Co.</u>, 187 Wn.2d 669, 389 P.3d 476 (2017); <u>see also</u> RCW 48.30.015(1) ("Any first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action in the superior court of this state to recover the actual damages sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs . . . .").

MINUTE ORDER - 2